UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TYRELL L. EILAND,                       :
                         Plaintiff,     :
                                        :    10 Civ. 4131 (DLC)
            -v-                         :
                                        :    OPINION & ORDER
U.S. DEPARTMENT OF EDUCATION et al.,    :
                                        :
                         Defendants.    :
                                        :
----------------------------------------X


Appearances:

For Plaintiff:
Tyrrell L. Eiland, pro se
3459 Eastchester Road, Unit 6A
Bronx, NY 10469

For Defendants:
Cristine Irvin Phillips
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007


DENISE COTE, District Judge:

     The plaintiff Tyrrell L. Eiland ("Eiland"), proceeding pro
se, brought this action against the United States Department of
Education and two of its offices, the Office of the Ombudsman and
the Office of Federal Student Aid (collectively, the "Department
of Education"), for violating his constitutional rights by
erroneously placing his federal student loan in default and by
providing incorrect information to the national credit bureaus.
Because this Court lacks subject matter jurisdiction over this

1

claim and because Eiland fails to state a claim upon which relief can be granted, the motion to dismiss is granted.

## Background

The following facts are taken from the complaint and documents integral to the complaint.  These documents include loan records and correspondence between Eiland and the Department of Education.

Eiland defaulted on federal student loans from his undergraduate tenure at Howard University.  The Department of Education's William D. Ford Direct Loan Program ("Direct Loan Program") provides borrowers with the opportunity to consolidate their educational loans.  20 U.S.C. § 1087a et seq.  On March 1, 2001, at Eiland's request, the Direct Loan Program consolidated Eiland's defaulted undergraduate loans, paying Sallie Mae Guarantee Services, which had been servicing the loans, a total of $22,885.83.  At the time of the consolidation, Eiland signed two promissory notes, dated January 27 and February 16, 2001, which acknowledged his obligation to repay the defaulted loans (including any accumulated interest and collection fees).  Eiland signed both of these notes using the name "Tyrrell L. Jones."

Under the Direct Loan Program, borrowers may request a temporary forbearance or deferment of repayment "during which periodic installments of principal and interest need not be

paid." 34 C.F.R. § 685.204(a)(1).  A borrower is eligible for deferment if, among other conditions, he demonstrates that he is "carrying at least one-half the normal full-time work load for the course of study that the borrower is pursuing, as determined by the eligible school the borrower is attending" or that he is "pursuing a course of study pursuant to a graduate fellowship program approved by the Secretary." 34 C.F.R. § 685.204(b)(1). Eiland requested and received both a four-month forbearance, from May to August, 2001, and a 23-month deferment, from August 27, 2001 to June 30, 2003.  In his deferment request, Eiland indicated that he was enrolled as at least a half-time student at the University of Leicester in London, England.

Eiland did not submit any further requests for deferment at the end of his 23-month deferment period.  From August 14, 2003 through July 11, 2004, the Direct Loan Program sent Eiland a series of billing statements indicating that his loan was past due, and on April 11, 2004, the Direct Loan Program sent Eiland notice that if he failed to pay the balance on the loan within 30 days, it would be placed into default.  The Direct Loan Program did not receive a response from Eiland to any of the statements or the final notice sent during this period.  The loan was therefore placed in default and transferred to the Department of Education's Default Resolution Group on August 11, 2004.  Acting in accordance with the dictates of Section 430A of the Higher

Education Act, 20 U.S.C. §1080a, the Default Resolution Group reported Eiland's defaulted student loan to national credit bureaus.

On May 9, 2008, almost five years after the end of his deferments and nearly four years after the loan was placed in default, Eiland contacted the Department of Education regarding the defaulted loan. Eiland expressed concern that the defaulted loan was erroneously recorded twice on his national credit report and that his name was reported incorrectly on his loan records. In addition, Eiland claimed that he had been enrolled as a part-time student when the loan defaulted and submitted a letter from the University of Leicester in support of his claim. In a letter of August 26, 2008, the Department of Education refused to recall the loan from default, however, noting that the letter did not indicate that Eiland had been enrolled as at least a part-time student from October 2001 through October 2008, and that the letter did indicate that Eiland had a year of suspension from his studies. The Department of Education explained that the default was reported twice on Eiland's credit report because the Direct Loan Program and the Default Resolution Group both recorded the default on the loan. The Department of Education did agree to change Eiland's name on his loan records, provided that he submit the necessary documentation.

On October 6, 2008, the Department of Education received the

proper documentation showing that Eiland was continuously enrolled as a part-time student at the University of Leicester for the period in question.  The process of recalling the defaulted loan was completed on March 16, 2009; the Department of Education also submitted a request to have the information regarding the default removed from Eiland's credit report.

The complaint was filed on May 19, 2010.  It asserts that the Department of Education violated Eiland's constitutional rights by erroneously placing Eiland's federal student loan in default and by providing incorrect information to the national credit bureaus regarding Eiland's legal name and the status of his student loan.  The complaint alleges that Eiland suffered loss of employment, housing, and education as a result of the Department of Education's actions, in addition to mental anguish. The complaint seeks relief in the form of $25 million in punitive damages; it also requests a recall of the entire amount of Eiland's student loans, and the removal of derogatory information from Eiland's credit report.  On September 9, 2010, the Department of Education filed its motion to dismiss the complaint.

## Discussion

The Department of Education contends that Eiland's claim for constitutional violations -- the only claim raised in the complaint -- is barred by the doctrine of sovereign immunity.

Further, the Department of Education contends that even if the complaint is construed liberally to raise the strongest possible claims, which here would be claims under the Federal Tort Claims Act (the "FTCA") or the Fair Credit Reporting Act (the "FCRA"), those claims are also barred.  Finally, the Department of Education argues that Eiland's claims should also be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, since the complaint fails to identify any violation of policy or law by the Department of Education.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs."  J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).  On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).

6

Although Eiland's complaint seeks both damages and injunctive relief, he does not dispute that his claim for injunctive relief has already been rendered moot by the Department of Education's 2009 request that the default be removed from Eiland's credit report.  Thus, the lawsuit actually seeks only damages from the defendants.

Eiland's constitutional claims for damages against the Department of Education and two of its offices must be dismissed for lack of subject matter jurisdiction.  Because an action against a federal agency "is essentially a suit against the United States," such a suit is barred under the doctrine of sovereign immunity "unless such immunity is waived."  Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).  The United States has not waived sovereign immunity to permit the Department of Education to be sued for damages for any alleged violation of a plaintiff's constitutional rights.  Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991).

Despite Eiland's assertion of constitutional violations, the Court will construe a pro se plaintiff's complaint liberally to raise the strongest claims, which in this case is a potential claim against the United States under either the FTCA or the FCRA.  The FTCA provides a limited waiver of the federal government's sovereign immunity against civil actions for damages.  28 U.S.C. § 1346(b)(1).  The FTCA claim is also barred,

7

however, by Eiland's failure to exhaust administrative remedies before pursuing the claim in federal court.  The FTCA provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues," 28 U.S.C. § 2401(b), and the Supreme Court has interpreted this language as requiring a showing that a plaintiff has exhausted all administrative remedies.  See McNeil v. United States, 508 U.S. 106, 113 (1993).

Eiland's claim under the FCRA is also barred because that statute does not provide a private right of action against furnishers of inaccurate information to consumer reporting agencies.  15 U.S.C. § 1681s-2(c).  Section 623(d) of the FCRA states that the statutory provisions relating to the furnishing of accurate information shall be enforced exclusively by state and federal officials.  15 U.S.C. § 1681s-2(d); see also White v. First Am. Registry, 378 F. Supp. 2d 419, 423 (S.D.N.Y. 2005).

Moreover, Eiland's complaint fails to state a claim upon which relief can be granted.  After the expiration of the 23-month deferment of Eiland's student loan, the burden rested with him to submit a request for further deferment and the necessary proof of enrollment as a part-time student under 34 C.F.R. § 685.204(1)(ii).  With regard to the incorrect spelling of Eiland's name, Eiland signed the original loan documents using

8

the name "Tyrrell L. Jones."   The burden again rested with him to inform the Department of Education of any name change or correction.   See 34 C.F.R. § 685.206(b)(1) ("The borrower shall promptly notify the Secretary of any change of name . . . .").   When Eiland finally provided documentation showing his enrollment as a part-time student during the intervening years, the Department of Education acted to remove the classification of the loan as a defaulted loan.   In sum, when the complaint is read with the documents that are integral to it, it does not allege any violation of the plaintiff's rights.

Conclusion

The defendants' September 10, 2010 motion to dismiss is granted.   The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:     New York, New York
           January 4, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge

COPIES SENT TO:


Tyrrell L. Eiland
3459 Eastchester Rd.
Unit 6A
Bronx, NY 10469


Cristine Irvin Phillips
Assistant United States Attorney
U.S. Attorney's Office
86 Chambers Street, 3rd Floor
New York, NY 10007