```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
TYRELL L. EILAND,                        :
                         Plaintiff,      :
                                         :      10 Civ. 4131 (DLC)
             -v-                         :
                                         :      OPINION & ORDER
U.S. DEPARTMENT OF EDUCATION, et al.,    :
                                         :
                         Defendants.     :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

This Opinion finds that pro se plaintiff Tyrell L. Eiland ("Eiland") is not entitled to reopen the time to file a notice of appeal from entry of judgment against him. This is the second time that Eiland's request for permission to file a notice of appeal is being denied.

Eiland filed this action on May 19, 2010 and gave the Clerk of Court the following address: 3459 Eastchester Rd. Unit 6A, Bronx, NY 10469 ("3459 Eastchester Rd."). In an Opinion and Order dated January 4, 2011 (the "January 4 Opinion"), this Court dismissed Eiland's complaint. Eiland v. U.S. Dept. Of Educ., 2011 WL 31537 (S.D.N.Y. 2011). A copy of the January 4 Opinion and a notice of right to appeal were mailed to the plaintiff at his address of record on January 5, 2011. This mailing was not returned as undeliverable.

On April 5, 2011, Eiland filed a motion for an extension of time to file a notice of appeal ("the April Motion"). In his motion, Eiland states that he failed to file the notice of appeal within the required 60 days because the Court "never sent" the judgment to Eiland "at new address submitted. Was not until case file was pulled online that plaintiff received notice of judgement." Eiland gave his current address as P.O. Box 20406, New York, NY 10023-9991 ("POB 20406"), but did not explain when he had left 3459 Eastchester Rd., nor explain why he had failed to advise the Clerk of Court of his change of address.

By Memorandum and Order dated May 5, 2011, the April Motion was denied. The Court found that Eiland had failed to serve the April Motion on defendant the United States Department of Education ("the Government"), thereby depriving the Court of jurisdiction, and that he had failed to demonstrate that his delay in filing an appeal was due to "excusable neglect or good cause" as required by Federal Rule of Appellate Procedure 4(a)(5)(A)(ii).

Eiland's appeal was thereafter transferred to the United States Court of Appeals for the Second Circuit. On August 12, 2011, the Second Circuit dismissed the appeal for lack of jurisdiction, but remanded the case and directed this Court to reconsider the April Motion as a motion to re-open the time to

2

appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). On September 19, the Court received a letter from the Government opposing the April Motion.

By Order dated October 19, the Court gave Eiland until November 9, 2011 to submit a reply to the Government's letter opposing the April Motion.  The Order was filed on October 19 and mailed by Chambers on that same day to Eiland at the "new address" that he had indicated in the April Motion: POB 20406. On October 28, this mailing was returned to the Court as undeliverable.

On November 9, the Pro Se Office received a memorandum from Eiland noting that he had changed his address to 235 S. Regent St., Port Chester, NY 10573 ("235 S. Regent"), and a letter from Eiland dated October 31, in reply to the Government's letter opposing the April Motion.  The letter asserts, inter alia, that the Government was "lax" in its preparations, but still received several extensions of time.  The letter also reiterates Eiland's claim that he did not receive notification of the January 4 Opinion until well after it had been docketed by the Court. Eiland adds that "[i]t was not until Plaintiff did a search for the information that it was discovered the case had been closed and the clock was running on the appeal process."  The letter does not give the date on which Eiland conducted the search and

3

discovered that the case was closed or address his failure to notify the Clerk of Court of his change of address.

The April Motion -- construed here as a motion to re-open the time to appeal -- is denied.  Federal Rule of Appellate Procedure 4(a)(6) permits a district court to re-open the time to appeal for fourteen days when a moving party satisfies each of three conditions:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  The rule states that the district court "may" re-open the time to appeal if these conditions are met, not that it "must" do so.  Id.  The burden is on the moving party to demonstrate that each of the criteria has been met.  See Avolio v. County of Suffolk, 29 F.3d 50, 52 (2d Cir. 1994).

Federal Rule of Civil Procedure 77(d) directs the Clerk of Court to serve notice of entry of judgment in accordance with Federal Rule of Civil Procedure 5(b), which in turn allows service by mail "to the person's last known address -- in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).  It is a party's obligation to keep the Court apprised of any change in address.  Local Civil Rule 1.3(d)

4

explicitly imposes this commonsense duty on attorneys.  It provides:

> If an attorney who is a member of the bar of this Court, or who has been authorized to appear in a case in this Court, changes his or her residence or office address, the attorney shall immediately notify the Clerk of the Court, in addition to serving and filing a notice of change of address in each pending case in which the attorney has appeared.

Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, Rule 1.3(d).  This obligation applies with equal force to pro se litigants.  See, e.g., McNeil v. United States, 508 U.S. 106, 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Eiland has not attempted to show that the Clerk of Court should have mailed the January 4 Opinion to any address other than 3459 Eastchester Rd.  This was the address which he provided to the Clerk of Court as the address at which he should be served with communications from the Court, and at no time prior to the issuance of the January 4 Opinion did Eiland advise the Clerk of Court of any change of address.  Nor does Eiland suggest that the Clerk of Court did not timely mail to him at that address a copy of the January 4 Opinion and notice of his right to appeal.

Eiland has also not explained when 3459 Eastchester Rd. was no longer an address at which he was receiving mail, when POB 20406 became his new address, or why he did not promptly inform the Clerk of Court of his new address. Without these explanations he has not provided a reliable basis from which to find that he did not actually receive the January 4 Opinion within days of it being mailed by the Clerk of Court to him. Indeed, he has never identified precisely how or when he learned that his case had been dismissed. As noted, the mailing of the January 4 Opinion was never returned as undeliverable.

Eiland's pattern of neglect in this case has continued to this day. Although the April Motion provided POB 20406 as Eiland's new address, mail sent to that address as recently as October was returned as undeliverable. Again, Eiland had not advised the Clerk of Court that his address had changed, this time to 235 S. Regent Street.

In sum, the plaintiff has failed to rebut the presumption established both by the terms of Rule 4(a)(6) and the mailing of the January 4 Opinion that he did, in fact, receive notice of entry of judgment (and the January 4 Opinion) within 21 days of entry, as required under Federal Rule of Civil Procedure 77(d). Eiland's time to appeal shall not be reopened.

CONCLUSION

The plaintiff's April 5, 2011 motion to re-open is denied. The Clerk of Court shall close the case.

SO ORDERED:

Dated:     New York, New York
           November 18, 2011

                                    _____
                                            DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Tyrrell L. Eiland
235 S. Regent St.
Port Chester, NY 10573


Cristine Irvin Phillips
Assistant United States Attorney
U.S. Attorney's Office
86 Chambers Street, 3rd Floor
New York, NY 10007